IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IPSEN BIOPHARM LTD., <br><br> Plaintiff, <br><br> v. <br><br> GALDERMA LABORATORIES, L.P., <br><br> Defendant. | CIVIL ACTION NO. 4:22-cv-662-O |

### UNOPPOSED MOTION TO SEAL PLAINTIFF'S COMPLAINT

Pursuant to Local Rule 79.3, Defendant Galderma Laboratories, L.P. hereby moves to seal Plaintiff Ipsen Biopharm Ltd.'s ("Ipsen") Complaint [ECF 1].

Local Rule 79.3 authorizes a party to request that a document be sealed. Defendant has conferred with counsel for Plaintiff, and Plaintiff has confirmed it is unopposed to the request to have the Complaint sealed.

Sealing the Complaint outweighs the benefit of public disclosure for two reasons:

*First*, the Complaint extensively discusses the terms and substance of a confidential agreement between two large, sophisticated business entities—Ipsen and GLP's corporate parent—concerning a biologic drug product of significant monetary value (the "QM Agreement") [*see, e.g.*, ECF 1 at ¶¶ 15-21]. Specifically, the Complaint discusses, *inter alia*, the following information from the QM Agreement: (1) the alleged "signatories;" (2) intellectual property rights that are allegedly "assigned;" and alleged "appointments" and "tasks" contained therein. *See id.*

The QM Agreement expressly states that information relating to it is confidential and the parties have maintained it as such due to the sensitive business information involved.

*Second*, the Complaint includes allegations discussing the substance of a dispute that lead to an ongoing confidential International Chamber of Commerce arbitration between Ipsen and GLP's corporate parent [*see, e.g.*, ECF 1 at ¶¶ 26-35]. As is typical, the arbitration is confidential to allow the parties to meaningfully resolve their disputes. *See Janvey v. Alguire*, 847 F.3d 231, 247 (5th Cir. 2017) ("Arbitration as we presently know it was built on a bedrock interest of autonomy and its correlative, privacy.").

The parties have adhered to the confidentiality provisions in both the QM Agreement and the pending ICC arbitration. Sealing the Complaint to protect the parties' confidentiality interests in the QM Agreement and ICC arbitration outweighs the benefit of publicly disclosing the confidential information contained therein. No other viable alternative to sealing the Complaint exists.

As a result, the Court is within its discretion to order the Clerk to seal the Complaint. *See Emery v. Sun Cupid Tech. (HK) Ltd.*, No. 3:20-CV-3519-L, 2020 WL 10181571, at *1 (N.D. Tex. Dec. 1, 2020) (granting plaintiff's motion for leave to file under seal where complaint "discusse[d] the provisions of several confidential agreements entered into between the Plaintiff and Defendants" (*see Emery*, ECF No. 6 at 1)).

## PRAYER FOR RELIEF

For the reasons described above, Defendant respectfully requests that the Court grant the Unopposed Motion to Seal Ipsen's Complaint and order the Clerk to seal the Complaint [ECF 1].

Dated:  August 4, 2022 	Respectfully submitted,

    */s/ Jeremy A. Fielding*
Jeremy A. Fielding
Texas Bar No. 17233700
Ruben Alan Garcia
Texas Bar No. 24101787
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1770
Facsimile: (214) 972-1771
jeremy.fielding@kirkland.com
ruben.a.garcia@kirkland.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 4, 2022 with a copy of this document via the Court's CM/ECF system.

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 3, 2022, I conferred with Plaintiff's counsel regarding the relief requested in this Motion. Plaintiff is *unopposed* to the relief requested.

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding