# EXHIBIT B

# KIRKLAND & ELLIS INTERNATIONAL LLP

Richard Boynton
To Call Writer Directly:
+44 20 7469 2180
richard.boynton@kirkland.com

30 St Mary Axe
London, EC3A 8AF
United Kingdom

Telephone: +44 20 7469 2000

www.kirkland.com

Facsimile:
+44 20 7469 2001

3 August 2022

**By E-mail**

Eduardo Siva Romero/Erica Stein
Dechert LLP
32 rue de Monceau
Paris
France
75008

Chad Arnette/Scott Wiehle
Kelly Hart & Hallman LLP
201 Main Street
Suite 2500
Fort Worth
TX 76102
USA

Dear Sir/Madam,

**Re: Ipsen's letter to the FDA and Complaint for Injunctive Relief**

1. We refer to: (i) the letter from François Garnier of Ipsen Biopharm Lrd ("**Ipsen**" or "**your client**") to the US Food and Drug Administration ("**FDA**") dated 2 August 2022; and (ii) the Complaint for Injunctive Relief filed in the United States District Court for the Northern District of Texas by your respective firms on 2 August 2022 on behalf of Ipsen.

2. As a preliminary matter, it is striking that your client's letter to the FDA and its Complaint for Injunctive Relief disclose the confidential arbitration Galderma S.A. has brought against Ipsen, but that neither refers to the Request for Interim Measures your client made in the course of that arbitration on 18 July 2022. There can be no doubt that both Mr. Garnier and Dechert (being the party and firm instructed to seek such measures) were fully aware of the fact that the Request for Interim Measures was made and we assume that Kelly Hart & Hallman had been properly instructed by its client and co-counsel, and was therefore also aware of its existence. However, we would welcome clarification if that assumption is wrong.

3. The effect of the omission is that the FDA and the United States District Court for the Northern District of Texas have been presented with what is, at best, a partial and therefore seriously misleading picture.

4. The Request for Interim Measures asks for an order that:

    "*Galderma … refrain from submitting any regulatory filing for QM-1114 in its own name* ▮▮▮▮▮▮▮▮▮▮ *in any of the Territories, including any related action*

KIRKLAND & ELLIS INTERNATIONAL LLP IS A MULTINATIONAL PRACTICE, THE PARTNERS OF WHICH ARE SOLICITORS OR REGISTERED FOREIGN LAWYERS (ADMITTED IN THE U.S. AND OTHER JURISDICTIONS), AND IS AUTHORIZED AND REGULATED BY THE SOLICITORS REGULATION AUTHORITY (SRA NUMBER 349107).  A LIST OF THE PARTNERS, GIVING EACH PARTNER'S PROFESSIONAL QUALIFICATION AND JURISDICTION OF QUALIFICATION IS OPEN TO INSPECTION AT THE ADDRESS ABOVE.

ASSOCIATED OFFICES

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Hong Kong  Houston  Los Angeles  Munich  New York  Paris  Salt Lake City  Shanghai  Washington, D.C.

## KIRKLAND & ELLIS INTERNATIONAL LLP

3 August 2022
Page 2

> *unauthorized by Ipsen in violation of its intellectual property rights, pending the resolution of this arbitration*"

5. Galderma's response essentially asks that the Tribunal refuse that request and order the opposite. More precisely, the response asks that the Tribunal:

    "*Dismiss Ipsen's request and allow Galderma to proceed with the regulatory filings for QM-1114 in Galderma's own name, on a temporary basis, until the outcome of the arbitration is decided*"

6. On 18 July 2022 our firm wrote to the Tribunal and to Dechert confirming that (*inter alia*), the proposed filing with the FDA is not expected to take place before mid-September 2022. As a result of this statement, the parties have liaised between themselves and with the Tribunal to put in place a timetable which would allow the Tribunal to render its decision on Ipsen's request and Galderma's counter request in "mid-September" 2022, <u>before</u> the FDA filings are ready to be made.

7. Whilst it was implicit in the correspondence and always understood by the parties, for the avoidance of any doubt **we hereby confirm on behalf of Galderma SA and (to the extent necessary) Galderma Laboratories LP that it will not make any filing in respect of QM-1114 with the FDA before the Tribunal has reached its decision on Ipsen's Request for Interim Measures**. As a result, there is not and cannot be any prospect of the FDA being asked to review any filing by Galderma unless or until the Tribunal has determined whether Galderma is entitled to submit the BLA. Likewise, there is not, nor has there ever been, any threat of irreparable harm relating to any of the allegations made in the pending United States District Court for the Northern District of Texas action.

8. In these circumstances, it was unnecessary for Ipsen to write to the FDA and improper to file an action seeking injunctive relief in the United States District Court for the Northern District of Texas. It was also misleading for it to request that the FDA refrain from reviewing the BLA until the conclusion of the arbitration in or around September 2023, without mentioning the fact that the Tribunal will be ruling as to whether Galderma is entitled to submit the BLA in the first place by mid-September 2022.

9. Not only does Ipsen's letter mislead the FDA, it also seeks to undermine the Tribunal's consideration of both Ipsen's own Request for Interim measures and the relief sought by Galderma in its response. By writing to the FDA before the Tribunal has rendered its decision on the Request for Interim Measures, Ipsen has sought to neuter the effect of any decision which goes in Galderma's favour. It will be for Ipsen to explain to the Tribunal why it has sought to undermine its forthcoming decisions in the Request for Interim Relief and the arbitration more generally in this manner.

10. In addition to the above, it is also worth making clear that the QM Agreement (as defined in the Complaint for Injunctive Relief) contains an arbitration clause which requires :

# KIRKLAND & ELLIS INTERNATIONAL LLP

3 August 2022
Page 3

> "*all disputes arising out of or or in connection with the [QM Agreement to] be finally settled under the Rules of Arbitration of the International Chamber of Commerce*".

11. The question of whether Galderma has the right to proceed with the FDA filing and commercialise QM-1114 obviously lies at the very heart of the arbitration. To the extent that Ipsen believes that Texas Trade Secret law has an effect on that analysis, it should have raised that issue in its Defence in the arbitration or in its Request for Interim Measures. The fact that Ipsen appears to have belatedly alighted upon a potential new line of argument does not mean that it can ignore the arbitration agreement and seek recourse in a forum it has contractually agreed to avoid.

12. Moreover, Article 28 of the ICC Rules makes it clear that the Tribunal should deal with any applications for conservatory or interim measures once the arbitration has commenced. Whilst we accept that "*in appropriate circumstances*" it remains possible to apply to a competent court for interim measures even after the arbitration has commenced, Ipsen has taken no steps to explain why it would be appropriate for it to ignore both the arbitration clause itself and the fact that it has already asked the Tribunal to grant the same relief it asks from the Texas court. It is difficult to reach any conclusion other than Ipsen is concerned that the Tribunal will not rule in its favour and is trying to manufacture another "bite of the cherry". Such an approach is contrary to the purpose of an arbitration agreement and is not an "*appropriate circumstance*" to avoid the presumption in the ICC Rules that interim measures should be requested of a Tribunal once it has been formed.

13. In these circumstances, neither the Texas (nor any other) court has any jurisdiction to hear your client's Complaint for Injunction Relief and it has no jurisdiction to grant any of the "*restraining order, preliminary injunction and/or permanent injunction*" requested in the Prayer for Relief, all of which are issues which are seised by, and will be determined by the Tribunal in the arbitration.

14. All of our clients rights are reserved in full including in respect of damages it suffers should you client's ill advised letter to the FDA delay the commercialisation of QM-1114, injure our client's reputation or standing before the FDA or by breaching the confidentiality of the arbitration process and of the QM Agreement itself by filing its Complaint for Injunctive Relief without taking steps to seal the file.

Yours faithfully,

*Kirkland & Ellis*

**Kirkland and Ellis LLP**

2022-8-3 Letter to Dechert and Kelly Hart  Hallman.docx